"Article 4624, Vernon's Sayles' Ann. Civ. St. 1914, is as follows:

" 'Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property shall be subject to the payments of debts contracted by the wife, except those contracted for necessaries furnished her or her children; provided the wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract. [Act March 13, 1848. P. D. 4643. Acts 1913, p. 61, § 1, amending articles 4624, Rev. St. 1911.]'

"The claim is also made that a married woman engaged on her own account in the oil business cannot bind herself by an enforceable contract to purchase and pay for fuel oil used in the course of such business. It is true Mrs. Cauble was engaged in the business of buying and selling oil leases. She had not been granted the general right to make contracts in relation thereto, and could not do so and thereby bind herself personally. However, the fact that she was engaged in a trading business did not deprive her of the exclusive power given her by statute to manage and control either her separate property and estate, or her personal earnings, and to make such contracts as were proper or necessary to such exclusive management and control. Notwithstanding she was engaged in the oil business without the power to make contracts generally, yet she was clothed with the same power to make contracts in the management and control of her separate property and her personal earnings, as was a married woman not engaged in such business. The mere fact that she so managed and controlled such property as to increase such business, or in aid thereof, would not deprive her of the right to make these contracts of purchase. The law gives her the exclusive right to manage and control. There is nothing to indicate that she would be required to allow this property to deteriorate by nonuse, or that she was to be restricted in her management and control, so as not to allow such property to be put to a use which would aid her in her trading business. Mrs. Cauble testified that she purchased these rigs with money she earned from commissions, and that she contracted to buy this fuel oil to operate her own rigs. The fact that she used some of the oil to operate a rig not owned by her would not release her from liability; same having been purchased for use in operating rigs owned by her.

"We therefore recommend that the judgments of both the district court and Court of Civil Appeals be affirmed."

It is therefore ordered that the judgments of the district court and of the Court of Civil Appeals be affirmed.

## GERMAN ALLIANCE INS. CO. v. FORT WORTH GRAIN & ELEVATOR CO.

### (Motion No. 6618.)

(Commission of Appeals of Texas, Section A. June 27, 1925.)

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

On motion for rehearing; setting aside former judgment (269 S. W. 430), and reversing judgment of Court of Civil Appeals (257 S. W. 273).

Locke & Locke, of Dallas, for plaintiff in error.

J. W. Stitt, W. D. Smith, and Capps, Cantey, Hanger & Short, all of Fort Worth, for defendant in error.

BISHOP, J. The defendants in error insist that justice will probably be better subserved by reversing the judgments of the district court and Court of Civil Appeals and remanding the cause, than by so reforming said judgments as to deny them a recovery for the loss of the stock of goods, as was done.

After due consideration, we are inclined to agree with this contention. It is evident that on the trial of the case the district court was of the opinion that it was not necessary for the insured to prove that at the time the adjuster assured the defendants in error that the loss would be paid he knew that all the record warranty clauses contained in the policy had not been complied with. It seems that the case was tried on the theory that the insured could prove a waiver by showing that the adjustor knew that the insurance company had a right to insist on a forfeiture at the time he made the promise to pay the loss, regardless of whether he knew of all the grounds on which forfeiture could be claimed. The court seems to have disregarded the fact that the insurance company might have been willing to waive one ground of forfeiture, while it would not have been willing to waive another and different ground. The case having been tried on this theory, we cannot say that, had the insured been required by the trial court to show that all grounds of forfeiture had been waived, this could not have been done.

Being of the opinion that justice may probably be better subserved thereby, we recommend that the judgment heretofore rendered, reforming and affirming the judgments, be set aside, and that the judgments of the Court of Civil Appeals and district court be reversed, and the cause remanded to the district court.

CURETON, C. J. On rehearing. All previous judgments vacated, and judgments of

the district court and Court of Civil Appeals both reversed, and cause remanded to the district court.